IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RADY WILLIAMS | CRIMINAL ACTION NO.<br>1:22-MJ-786-CMS-1 |

## MOTION TO DISMISS

RADY WILLIAMS, by and through undersigned counsel, respectfully moves this Court to dismiss the instant action. In support of this motion, Mr. Williams submits the following:

### I.     Factual Background

On June 23, 2022, Mr. Williams was standing near the entrance to the MLK visiting center displaying t-shirts that he hoped to receive donations for. In other words, by asking people for monetary donations, Mr. Williams was panhandling. Park Ranger Officer David Dunaj approached and told Mr. Williams that he was going to be cited for commercial operations without a permit on federal property. Mr. Williams attempted to show paperwork to officers demonstrating that he was not in fact on federal property, but the officers refused to review the paperwork. For this perceived infraction, Mr. Williams was issued a citation for "commercial operations/solicitation without a permit" in violation of 36 C.F.R. 5.3 and 18 U.S.C. § 1865(a) (Doc. 17).

1

Approximately one year later, on July 8, 2023, Mr. Williams was sitting alone in the driveway of Our Lady of Lourdes Catholic Church, displaying iced, bottled drinks and asking for monetary donations. *See* Exh. A, Govt. Map of Federal Jurisdiction (where red arrow represents Mr. Williams' location). In other words, he was once again panhandling, though this time on private property, when Officer David Dunaj again approached him. Officer Dunaj pointed to the container of iced, bottled drinks that was on the sidewalk approximately 15 feet from Mr. Williams, and told Mr. Williams that he could not engage in commercial solicitations and needed to move the container of drinks. *See* Exh. B, Body Cam at Timestamp 1:08. Straight away, Mr. Williams responded that he was not soliciting. *Id.* at 1:25. He then explained that because the sidewalk was City of Atlanta property, he was not required to move the container, but would instead call the Atlanta Police Department to straighten things out. *Id.*

Without more, Officer Dunaj told Mr. Williams he was being arrested and needed to put down his phone. *Id.* at 1:52. After being threatened with arrest, Mr. Williams agreed to pick up the container of drinks, but said he was still calling Atlanta PD. *Id.* at 2:00. Officer Dunaj then repeated that he was arresting Mr. Williams. As Officer Dunaj advanced upon Mr. Williams, Mr. Williams repeated that he was going to do what the officer asked him to do, but that he was calling

2

Atlanta PD. He also told the officer to get off of him as he was nonviolent. *Id.* at 2:22.

Nevertheless, the officer forcibly brought Mr. Williams stomach-flat on the ground, cuffed his hands behind his back, and placed Mr. Williams under arrest, all the while ignoring Mr. Williams' continued requests that they call the police to resolve this. *Id.* at 2:31 - 3:01. As Mr. Williams lay cuffed in the church's driveway, he continued asking passersby to call Atlanta PD. *Id.* at 4:24. For his panhandling (on private property), which the officers deemed commercial soliciting, Mr. Williams was harassed, arrested, and ultimately charged with resisting a government employee engaged in his official duty, in violation of 36 C.F.R. § 2.32(a)(1) and 18 U.S.C. § 1865(a) (Doc. 17).

Pending before this Court is an Information charging Mr. Williams with one count of commercial operations without a permit, in violation of 36 C.F.R. 5.3 and 18 U.S.C. § 1865(a) and one count of resisting arrest, in violation of 36 C.F.R. § 2.32(a)(1) and 18 U.S.C. § 1865(a) (Doc. 17).

II. **Legal Analysis**

   A. The instant prosecution should be dismissed because Mr. Williams' conduct, panhandling, constitutes constitutionally protected speech for which he cannot be prosecuted.

The question before this Court is whether Mr. Williams' conduct is constitutionally protected. In *United States v. Silberman,* 464 F. Supp. 866 (M.D. FL.

1979), a defendant was selling flowers at the Castillo de San Marcos National Monument, operated by the National Park Service, when he was cited for violating 36 C.F.R. 5.3. Mr. Silberman was conducting these flower sales because his religion required, among other things, that he distribute small gifts and solicit donations. *Silberman*, 464 F. Supp. at 870. The court held that Silberman's conduct was an exercise of religion, a fundamental freedom guaranteed by the First Amendment, and therefore was not purely commercial activity subject to regulation by 36 C.F.R. § 5.3. *Id.* at 875. In *Silberman*, the court interpreted 36 C.F.R. § 5.3 to apply only to purely commercial activity that is unconnected to the free exercise clause of the First Amendment.

Likewise, the Eleventh Circuit has observed that begging for money is protected speech, a fundamental freedom guaranteed by the First Amendment. "Like other charitable solicitation, begging is speech entitled to First Amendment protection." *Smith v. City of Fort Lauderdale,* Fla., 177 F.3d 954, n.1 (11th Cir. 1999). Because freedom of speech is protected by the First Amendment, the government must show compelling interests to justify restricting that freedom, and must prove it chose the least restrictive regulations possible. *U.S. v. Silberman,* 464 F. Supp. 866 (M.D. FL. 1979). Like in *Silberman,* this Court should interpret 36 C.F.R. § 5.3 to only regulate purely commercial activity, not activity connected to the right of free speech.

Because Mr. Williams' conduct, begging, is an exercise in free speech, a fundamental freedom guaranteed by the First Amendment, it therefore does not qualify as purely commercial activity subject to regulation by 36 C.F.R. § 5.3. *Id.* at 875. Even more, the government has neither shown a compelling reason to restrict Mr. Williams' speech, nor have they shown that they are exercising the least restrictive means of doing so, particularly as the government extends its regulation of speech onto even private property. The instant prosecution should therefore be dismissed because Mr. Williams' conduct, panhandling, constitutes constitutionally protected speech for which the government has shown no compelling reasons to restrict.

B. <u>Count Two of the instant prosecution should be dismissed because it falls outside of the jurisdiction of National Park Service to prosecute this conduct.</u>

Even if the Court is not inclined to dismiss the entire Information against Mr. Williams, Count Two should still be dismissed for lack of jurisdiction. As explained herein, Mr. Williams's second arrest occurred on the private property of a local Catholic church, not on federal property. As is well established, criminal prosecutions are ordinarily left to the sates (*United States v. Lopez*, 514 U.S. 549 (1995)) except where a crime has been committed on federal property, or in an area specifically designated as falling under federal jurisdiction. As Mr. Williams was arrested while sitting in the driveway of Our Lady of Lourdes Catholic Church,

which is neither owned nor managed by National Park Service, nor has it been designated as federal property, Mr. Williams' arrest fell outside the purview of National Park Service and the federal courts, and this Court must dismiss Count Two for lack of federal jurisdiction.

### III.  Conclusion

The instant prosecution should be dismissed in its entirety because Mr. Williams' conduct, panhandling, is constitutionally protected speech. Additionally, Count Two should be dismissed for lack of federal jurisdiction.

WHEREFORE, Mr. Williams respectfully requests this Court dismiss the instant prosecution. A proposed Order is attached.

Respectfully Submitted, this 26th day of January, 2024.

>*/s/ Ashley R. Martin*
>ASHLEY R. MARTIN
>GEORGIA BAR NO. 435062
>ATTORNEY FOR MR. WILLIAMS
>
>Federal Defender Program, Inc.
>101 Marietta Street, N.W. Suite 1500
>Atlanta, Georgia 30303
>(404) 688-7530; Fax: (404) 688-0768
>Ashley_Martin@fd.org